UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF NEW YORK

--------------------------------X

ERICK ROBERTSON,
plaintiff, :

-V- :

SULLIVAN CORRECTIONAL FACILITY, :
WILLIAM KEYSER, SUPERINTENDENT,
A. JUSTINIANO, DSP,
E. SIMMONS SORC, :
J. SIRCABLE, ORC
A. ESCOBAR, SORC. :

--------------------------------X

PRIVATE SUIT PURSUANT TO THE 42 U.S.C.§ 1983 CIVIL RIGHTS THE AMERICANS WITH DISABILITIES ACT (ADA) TITLE II REGULATIONS (2010)SECTION 504 OF THE REHABILITATIONS ACT OF 1973 AS AMENDED

Index No. ________________.

COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS AND
AMERICANS WITH DISABILITIES ACT (ADA)
Title II regulations (2010)

JURISDICTION

I. This Honorable Court Has jurisdiction under 42 U.S.C. § 1983, and The Americans with Disabilities Act (ADA), Title II Regulations (2010), section 405 of the Rehabilitations Act of 1973, as amended., for the deprivations and the Discrimination in denying the rights, privileges, or immunities secured by the Constitution, (ADA) and Federal Laws.

## II. The parties to this Complaint;

### A. The Plaintiff(s)

Name: ERICK ROBERTSON, DIN# 17A1841
Sullivan Correctional Facility
325 Riverside drive/P.O.Box-116
Fallsburg, New York 12733-0116

---

### B. The Defendant(s)

Defendent No.1

SULLIVAN CORRECTIONAL FACILITY(Government agency)
325 riverside drive/P.O.Box-116
Fallsburg, New York 12733-0116

(X)Individual and Official Capacity

---

Defendent No.2

WILLIAM KEYSER, SUPERINTENDENT(Superintendent)
325 Riverside drive/P.O.Box-116
Fallsburg, New York 12733-0116

---

Defendent No.3

A. Justiniano, DSP(Deputy Superintendent of Programs)
325 Riverside drive/P.O.Box-116
Fallsburg, New York 12733-0116

---

Defendent No.4

E. SIMMONS, (SORC)(Supervising Offender Rehabilitation Coordinador)
325 Riverside drive/P.O.box-116
Fallsburg, New York 12733-0116

---

Defendent No.5

J. SIRCABLE, (ORC) ( Offender rehabilitations Coordinator)
325 Riverside drive/P.O.Box-116
Fallsburg, New York 12733-0116

---

Defendent No.6

A. ESCOBAR, (SORC)(Supervising Offender Rehabilitation Coordinator)
325 Riverside drive/P.O.box-116
Fallsburg, New York 12733-0116

---

III. **Basis for Jurisdiction**

**A.** Plaintiff brings suit against:

( ) Federal Officials (a Bivens claim)

(X) State and Local Officials(a § 1983 claim)

**B.** Plaintiff; is suing under section 1983, and the Americans with Disabilities Act(ADA), Title II Regulations(2010), violated by state and local officials.

**C.** wherein; said defendants have subjected the plaintiff to discrimination by a public entity.

D. Plaintiff; avers that said Defendants, acting under the color of the New York State Department of corrections: Sullivan Correctional Facility, subjected the plaintiff to Discrimination, inviolation of the American with Disabilities Act (ADA), Title II regulations(2010) and Perjury in-violation of the 14, amendment of the U.S. Constitution Due process of law and the Equal protections of the laws, Thus; these Defendants at all times were acting under the color of law.

E. Plaintiff; is a prisoner at Sullivan Correctional Facility, Convicted and sentenced state prisoner.

---

IV. Statement of Claim

1. **Plaintiff;** duly sworn declare's Sullivan Correctional Facility; **is a public entity: under the Americans with Disabilities Act (ADA), Title II regulation (2010).**

2. **Plaintiff;** Herein by definition; is legally disable in many respects namely, Plaintiff; is **Hearing Impaired (HL-20)** Hard of hearing, and as requested afforded Reasonable Accommodations to use the TeleTYpe--("TTY") MACHINE, on December 14, 2017.((See: attached **EXHIBIT (A)** REQUEST FOR REASONABLE ACCOMMODATIONS FORM 2612B)), with MEDICAL VERIFICATION [X] HARD OF HEARING (HL-20), signed by J. Wolf, MD 0117., on 12/7/2017., and with the Same **EXHIBIR (A)** in section for REASONABLE ACCOMMODATIONS DETERMINATION: [X] approved as requested, with an Explanation of Modification or Denial: Being; **Documentation from previous facility, approving TTY use,** signed by the Acting Deputy superintendent of programs on December 14, 2017., granting/ affording plaintiff; the requested and legally entitled accommodations of a hearing impaired incarcerated individual.

3. **However;** Plaintiff, contends on **March** 1, **2019:** He/Plaintiff, was the subject of Discrimination, by the DisContinued access/use of previously **Approved Reasonable Accommodations** (" USE OF THE TELETYPE-TTY ") communications system. In-Violation of the **(ADA) Americans with Disabilities Act, Title II Regulations(2010)**, [AG-Order No. 3180-2010,75FR 56184, Sept. 15, 2010], and (DOCCS) Directive 2612, Inmates with Sensorial Disabilities section VII. EQUIPMENT AND SERVICES FOR THE DEAF AND HARD OF HEARING:

4. **Wherein;** a **DisCriminatory** manner, on March 1, 2019., Ms. Simmons, (SORC) discontinued/removed Plaintiff's use of " TTY " accommodations, SEE: **EXHIBIT (B)** To: Robertson E. 17A1841, From: (SORC) Ms. Simmons, Date: 3/1/19; RE: **TTY** use; Which states, ' After careful review of your audiology needs and current hearing loss, It has been determined that you are not eligible for the use of a **TTY** as your hearing loss is not significant enough to warrant such an accommodation '....etc...

5. **IRRESPECTIVE;** Contrary to the actual audiology reports written by **Mr. J. SERHAN;** see: **EXHIBIT (C) & (D)** HEALTH SERVICES SYSTEM REQUEST AND REPORT OF CONSULTATION, used to Grant/afford Plaintiff said **TTY-**Reasonable Accommodations SEE: **EXHIBIT (C)** and the **EXHIBIT (D)**, Which clearly states to the contrary in section A: bottom half; ' No significant Auditory change per 2017 Audio.

6. **CONTRARY;** TO (SORC) Ms. SIMMONS, assertions within EXHIBIT (B), used to discontinue Plaintiffs **(" TTY - TELETYpe ")** accommodations., Plaintiff; Objected, filing letters and Grievances, regarding the denial of the use and removel of **TTY-accommodations;** Wherein the respective Defendents knowing Ms. SIMMONS, assertions were/are an intrinsic Fraud and Discrimination against a disable individual, herein commence fabricating reason's for their malfeasance, Defending their conspiracy to discriminate by adopting, Ms. Simmons; Deceptive, false and misleading Fraud/trickery about Plaintiff not being eligible for"**TTY**" use! by denying/excluding plaintiff from the Benefits of, the services, programs, or activities of a public entity., and Fraudulently Creating false, perjurious, perjured submissions/Documents and submitted said documents to the Court of Claims, Inorder to **conceal, cover-up and dismiss** the Plaintiff's cause of Action! Depriving Plaintiff of any chance of Remedying the erroneous act's asserted herein! violation of [AG Order No. 3180-2010, 75 56183, Sept 15, 2010], and **42 U.S.C. §§§ 1983, 1985 and 1986, The Americans with Disabilities Act (ADA) Title II Regulations (2010).**

7. **Thus; Herein, EXHIBIT (E)** are the Fraudulent submissions Created by said defendants, Commencing with EXHIBIT (E-1)- an AFFIDAVIT from J. SIRCABLE; being duly sworn, deposes and says: in paragraph 1. I am an Offender Rehabilitation Coordinator employed with the New York State Department of Corrections and Community supervision ["DOCCS"] at the Sullivan Correctional Facility [Facility]. I make this affidavit in

opposition to the Claimant's motion for summary judgment. (In paragraph 2. she states)
**2.** part of my job duties is to assist inmates who apply for reasonable accommodations at the facility and remove accommodations when they are not medically necessary. 'and (in paragraph **3. she states'**)
**3.** I reviewed the audiology report dated February 28, 2019, by Audiologist **John Serhan,** regarding **Erick Robertson,** Claimant. Audiologist John Serhan indicated a TTY or TDD device is not medically necessary for Claimant. (and continued on)
4. The report shows in the row "O:...(-)TTY (-)TDD", which indicates negative for TTY and Negative for TDD., ( and She continues)
5. The report also indicates hearing lossin Claimant's left ear to be 40 dB measured by the pure Tone Audiometry (PTA) and hearing loss in Claimant's right ear to be 62.
6. On March 1, 2019, Claimant's reasonable accommodations for use of the **TTY** was removed due to the audiology report indicating negative for **TTY** and negative for **TDD.**

**WHEREIN;** Defendant J.SIRCABLE; in the remaining paragraph's, duly sworn to: affirms the respective defendants were in agreement with said Conspiracy to intentionaly discriminate against Plaintiff, in denying/removing his **TTY** accommodations, through the use of the Fraudulent and deceiving misrepresentations of material facts that are not true, false and contrary to the herein **EXHIBITED, EXHIBIT's (C)&(D)** The reports by **John Serhan,** pursuant to Plaintiffs hearing loss and need for **TTY-accommodations. Thus;** Defendant J. SIRCABLE, Intentionally Discriminated against The Plaintiff in removing his **TTY**-accommodations and in doing so committed **Perjury** and **Fraud!** as the above was submitted and filed in the Court of Claims! used to deny/dismiss Plaintiffs cause of action, which is the prejudice necessary to maintain action., and further-more! **EXHIBIT (E)** contain's EXHIBIT (E-2) wherein Defendant **A. ESCOBAR;** (SORC), submit's his Fraudulent letter asserting the same falsehood/Fraud about **John Serhan,** report. as the Defendant (DSP) A. Justiniano; following suit in this conspiracy to deny plaintiff his civil rights and rights protected under the **(ADA), due process of law and Equal protections of the laws**, under the 14th, amendment of the U.S. Constitution.

**HENCE;** herein, after The defendants known prohibited Discrimination, and exercising Fraud and **perjury!** to deny and remove Plaintiffs **TTY-reasonable accommodations On** or about Januaru 3, 2020., plaintiffs reasonable accommodations was reinstated., per. **EXHIBIT (F)**, of which should have never been taken/remove in the first instance.

V. Injuries

8. **PLAINTIFF**; a Qualified individual with a disability; suffered from March 1, 2019, when his accommodation were remove to January 3, 2020, without being afforded use of the **TTY-accommodations,** having to write grievances, appeals thereof and petition the Court of Claims, pay filing fee's, copy and postage fee's as well as the pain of my experiencing Tinnitus as I had to strain to hear the other party and at times could not communicate at all....

---

VI. Relief sought

9. Wherefore; **Plaintiff**, herein is filing this suit for the **Fabrications Fraud and Perjury** committed herein to deny/remove Plaintiffs, Reasonable accommodations violating **due process of law and Equal protections of the laws,** under the 14th Amendment of the U.S. CONSTITUTION and Federal law., seeking monetary damages in the amount of one hundred and fifty thousand dollars,$150,000

---

**VII. Exhaustion of Administrative Remedies**

**10.** Pursuant to The Prison Litigation Reform Act ("PLRA").42 U.S.C.§ 1997 e(a), Plaintiff has Exhausted all remedies prior to the filing of this suit.

A. This claim arose during plaintiff incarceration at Sullivan C.F.

B. Sullivan does have a grievance procedure.

C. Plaintiff did file many Grievances concerning this matter.

---

**VIII. Previous Lawsuits**

**11. Plaintiff;** has Not had a case or action dismissed based on the "three strikes rule" !

A. **Plaintiff;** has filed another/other lawsuit in state court of claims dealing with the same facts involved in this action.

B. **The State of New York Court of Claims,** was the court in which Plaintiff, filed two claims, in Binghamton Regional offices, both claims No. 135173 & 134886:

C. **Judge Honorable Javier E. Vargas; of the court of claims**; issued an **'ORDER DIRECTING JUDGMENT BE ENTERED DISMISSING CLAIM No.s** above be dismissed, On September 28, 2023., in claim No. 135173/ and September 29, 2023., in claim No. 134886, **See** attached Court Order's under **EXHIBIT (F)** in attached memorandum of Exhibits.

The Above is No-longer pending, due to the **Fraud, Perjury** and **misrepresentations** written and submitted therein and herein as **EXHIBITS**.

---

**IX. Certification and closing**

Under Federal Rules of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for any improper purpose, such as to harsaa, cause any-unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law by a nonfrivolous argument for extending, modifying or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the Complaint otherwise complies with therequirements of Rule 11.

**A. Pro-se Party**

**I agree to provide the clerk's Office with any changes to my address** where case related papers may be served. I understand that my failure to keep a current address on file with the clerk's Office may result in the dismissal of my case.

Date of signing: 2-27-24

Signature of Plaintiff: X [signature]

Printed Name of Plaintiff: Erick Robertson

Prison Identification No: 17A1841

Prison address: Sullivan C.F. 325 Riverside drive/P.O.BOX-116

Fallsburg, New York 12733-0116

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------X
ERICK ROBERTSON, Plaintiff,

-V- INDEX NO.____________________

SULLIAVN CORRECTIONAL FACILITY,..al etc...

--------------------------------------X

****************************************************************************************************

MEMORANDUM OF EXHIBITS

****************************************************************************************************

# EXHIBIT A

EXHIBIT (A)

PHOTOCOPY LOCALLY AS NEEDED

REQUEST FOR REASONABLE ACCOMMODATIONS — Date 12/6/17

Inmate's Name Robertson, E — Din # 17A1841 — Facility Sullivan

☐ I do not request reasonable accommodations

☐ I request reasonable accommodations as indicated below for the following program or service:

Check to indicate request

| HEARING IMPAIRMENT (Requested) | Approved | VISUAL IMPAIRMENT (Requested) | Approved |
|---|---|---|---|
| ☐ Qualified Sign Lang. Interpreter | ☐ | ☐ Large Print | ☐ |
| ☒ TTD/TTY | ☒ | ☐ Orientation & Mobility Instruct. | ☐ |
| ☐ Telephone Amplifier | ☐ | ☐ Mobility Assistants/Sighted Guide | ☐ |
| ☐ Closed Caption Television | ☐ | ☐ Guidance Cane | ☐ |
| ☐ Sound Amplification Systems | ☐ | ☐ Support Cane | ☐ |
| ☐ Hearing Aids/Batteries | ☐ | ☐ Braille Print | ☐ |
| ☐ Notification Systems | ☐ | ☐ Braille Equipment | ☐ |
| ☐ Visual Smoke Detector | ☐ | ☐ Magnifiers | ☐ |
| ☐ Preferred Seating | ☐ | ☐ Tape Player/Cassettes | ☐ |
| ☐ Shake Awake Alarm | ☐ | ☐ Lamp | ☐ |
| ☐ Pocket Talker | ☐ | ☐ Visor/Sunglasses for indoor use | ☐ |
| | | ☐ Other____ | ☐ |

[signature] (Inmate's Signature) — J. Sircable (Staff Name/Title) — [signature] (Staff Signature)

MEDICAL VERIFICATION (Use established definitions)

☐ Severe Visual Impairment (V230) ☐ Blind (B240) ☐ Non Significant Hearing Loss (HL30)

☒ Hard of Hearing (HL20) ☐ Deaf (HL10)

☐ No Medical Verification on File — Follow-up Appointment Necessary? ☐ Yes ☐ No

J. Wolf, MD 017 (Medical Staff - Name/Title) — [signature] 017 (Med. Staff Signature) — 12-7-17 (Date)

Return this form to the Staff member whose name appears next to the inmate's signature above

REASONABLE ACCOMMODATION DETERMINATION

The reasonable accommodations requested above have been:

☒ approved as requested

☐ modified - accommodations which have been approved are marked above ☒

☐ denied

☐ pending medical verification

EXPLANATION of modification or denial: Documentation from previous facility approving TTY use.

(DSP or designee) — (Signature) — (Date)

This section is to be completed by the inmate.

☐ I agree ☐ I disagree with this determination

☐ I want to meet with the Superintendent or his/her designee during this review.

☐ I want to have an interpreter with me or other assistive device during this meeting.

[signature] / Acting DSP — 12/14/2017

(Inmate's Signature) (Date)

Inmate Sign [signature]

Distribution: Original - Guidance File

Copies - Inmate, Medical, OMH, Parole, ADA Coordinator (Central Office)

# EXHIBIT B

EXhIBit(B)

Corrections and Community Supervision

ANDREW M. CUOMO
Governor

ANTHONY J. ANNUCCI
Acting Commissioner

2/27/19

To: Robertson, E. 17A1841

From: SORC Simmons [signature]

Date: 3/1/19

Re: TTY use

After careful review of your audiology needs and current hearing loss, it has been determined that you are not eligible for the use of a TTY as your hearing loss is not significant enough to warrant such an accommodation. Using a portable telephone amplifier is an adequate and reasonable accommodation based on your hearing needs. If you have not done so already, you will need to meet with ORC Sircable to initiate the voice recognition program to enable you to use the regular telephones available.

cc: DSP Justiniano
DSS Sipple
Area Sergeant
ORC Sircable

# EXHIBIT C

5/23/17 13:38:53 NYS DEPARTMENT OF CORRECTIONAL SERVICES PAGE 1 5|2
HSC4781 HEALTH SERVICES SYSTEM
REQUEST AND REPORT OF CONSULTATION 3A5

NAME: ROBERTSON, ERICK
DIN: 17A1841 DOB: 08/29/1966
CURRENT FAC: DWNSTATE REC

REFERRING FAC : DWNSTATE REC
REFERRAL DATE : 05/15/17 03:12P TELEMED: N<N>
TYPE OF SERVICE: AUDIOLOGY
URGENCY OF CARE: SOON

REFERRAL NUMBER: 17204530.01M
REFERRAL TYPE : INITIAL
REFERRAL STATUS: SCHEDULED
INTERPRETER:

MEDICAL HOLD: NO TYPE: REASON CODE: EXP.DATE:
TRANSPORTATION : N WHEELCHAIR N NURSE N AMBULANCE N LITTER N HCA
SENSORIAL IMPAIRMENT:
REFERRED BY: MARIO MALVAROSA, MD
REVIEWED BY: MARIO MALVAROSA, MD

APPOINTMENT: 05/24/17 09:00A
POS: DOWNSTATE CF
PROV: SERHAN, JOHN-AUD

REASON FOR CONSULTATION: USER: 05/15/17 03:12P C240MJM
( BILAT HYPOACUSIA; PE NL: HAS HEARING AIDS BUT PT STATES THAT HE BELIEVES )
( THAT THERE'S A MECHANICA./ELECTRICAL PROBLEM WITH THEM; NEW BATTERIES HAS )
( NOT HELPED; PLZ SCHED FOR PLACEMENT/CLASSIFICATION PURPOSES. )
( Hx - Trauma Ⓑ ear - GSB age 10 Hammer - Jackhm ⊕ visual cues )
( )

ATTENTION: DO NOT INFORM INMATE OF FUTURE APPOINTMENT(S)

CONSULTANT REPORT: L/R Siemens Intuis SP BTE - LVCV shell (Brown) form

S: (Audio) Ⓡ moderate - Profound HL
Ⓛ mild - Severe SNHL

O: Abnormally configured HL, local etc [illegible]

A: PTA Ⓡ 67
Ⓛ 43

## HL 20 - Hearing loss / Hard of Hearing

⊕ Amp ⊕ visual Notif
⊕ Aid set ⊕ TTY/TDD
⊕ CC ⊖ Sign Intrp
⊕ phone Amp
⊕ shake awake

P: (PRN) (20)

CONSULTANT SIGNATURE: [signature] DATE: 5/24/17
IF FOLLOW-UP/PROCEDURE RECOMMENDED - REQUESTED BY __ / __ / __

* CONSULTATION IS A RECOMMENDATION. FINAL DETERMINATION WILL BE MADE BY THE INMATE'S NYSDOCS PHYSICIAN.

[stamp] 5/25/17

# EXHIBIT D

REQUEST AND REPORT OF CONSULTATION

NAME: ROBERTSON, ERICK DIN: 17A1841 DOB: 08/29/1966
CURRENT FAC: SULLIVAN
REFERRING FAC : SULLIVAN REFERRAL NUMBER: 19022546.01M
REFERRAL DATE : 01/15/19 02:40P TELEMED: N<N> REFERRAL TYPE : FOLLOW-UP
TYPE OF SERVICE: AUDIOLOGY REFERRAL STATUS: SCHEDULED
URGENCY OF CARE: ASSIGNED INTERPRETER:

MEDICAL HOLD: NO TYPE: REASON CODE: EXP.DATE:
TRANSPORTATION : N WHEELCHAIR N NURSE N AMBULANCE N LITTER N HCA
SENSORIAL IMPAIRMENT: HEARING LOSS/HARD OF
REFERRED BY: SHARON O'CONNOR, NP APPOINTMENT: 02/28/19 09:00A
REVIEWED BY: SHARON O'CONNOR, NP POS: SULLIVAN CF
PROV: SERHAN, JOHN-AUD

REASON FOR CONSULTATION: USER: 01/15/19 02:40P C690SLO
( MONITOR AUDITORY THRESHOLDS AU - R/O PROGRESSIVE HEARING LOSS, REC. HEARING )
( TEST IN FEBRUARY )
( )
( )
( )

ATTENTION: DO NOT INFORM INMATE OF FUTURE APPOINTMENT(S)

CONSULTANT REPORT: L|R M73B7E - wnd Batt size 13 case e clean

S:

(HE) (R) moderate - Profound HL
(L) mild - m/s HL

O: Leight AR B A-Loud OTT e TM
PTA (R) = 62 (L) 40
Leight NT Cal

A: NO significant Auditory change per 2017 Audio

P: (Pan)

POSTED 3/1/19

JJ 02-28-19

CONSULTANT SIGNATURE: ______________________ DATE: __/__/__
IF FOLLOW-UP/PROCEDURE RECOMMENDED - REQUESTED BY __ / __ / __

* CONSULTATION IS A RECOMMENDATION. FINAL DETERMINATION WILL BE MADE BY THE INMATE'S NYSDOCS PHYSICIAN.

# EXHIBIT E

EXHIBIT (E-1)

STATE OF NEW YORK
COURT OF CLAIMS

ERICK ROBERTSON,

Claimant,

-against-

STATE OF NEW YORK,

Defendant.

**AFFIDAVIT**

Claim No. 134886
Motion No. M-95917
Hon. Faviola A. Soto

State of New York )
) ss:
County of Sullivan )

J. SIRCABLE, being duly sworn, deposes and says:

1. I am an Offender Rehabilitation Coordinator employed with the New York State Department of Corrections and Community Supervision ["DOCCS"] at the Sullivan Correctional Facility ["facility"]. I make this affidavit in opposition to the claimant's motion for summary judgment.
2. Part of my job duties is to assist inmates who apply for reasonable accommodations at the facility and remove accommodations when they are not medically necessary.
3. I reviewed the audiology report dated February 28, 2019, by Audiologist John Serhan, regarding Erick Robertson, Claimant. Audiologist John Serhan indicated a TTY or TDD device is not medically necessary for Claimant.
4. The report shows in the row "O: ... (-)TTY (-)TDD", which indicates negative for TTY and negative for TDD.
5. The report also indicated hearing loss in Claimant's left ear to be 40 dB measured by the Pure Tone Audiometry (PTA) and hearing loss in Claimant's right ear to be 62.
6. On March 1, 2019, Claimant's reasonable accommodation for use of the TTY was removed due to the audiology report indicating negative for TTY and negative for TDD.

7. I assist in the applications for requests for reasonable accommodations. A form "2612 Attachment B" is filled out and sent to the Medical Department for Medical Verification. The form "2612 Attachment B", along with relevant medical documentation, are sent to the Deputy Superintendent for Programs or their designee for approval or denial.
8. On July 29, 2019, Claimant requested a reasonable accommodation for the use of a TTY/TDD.
9. On August 1, 2019, the Nurse Administrator verified the Claimant as Hard of Hearing, HL-20.
10. On August 6, 2019, the Supervising Offender Rehabilitation Coordinator (SORC) A. Escobar denied the request for reasonable accommodations.
11. On August 8, 2019, the Claimant was informed of the denial and refused to sign whether he agreed or disagreed with the determination and whether he wanted to meet with the Superintendent or his designee.
12. The Claimant sent a letter to Superintendent Keyser dated August 15, 2019, regarding the denial of the TTY reasonable accommodation.
13. On August 19, 2019, SORC A. Escobar responded.
14. On or about January 3, 2020, the Claimant's reasonable accommodation was reinstated.

J. SIRCABLE, ORC

Sworn to before me this
___ day of October, 2020

Notary Public

RICHARD P. WISSLER
Notary Public, State of New York
No. 01WI6397622
Qualified in Orange County
My Commission Expires on September 9, 2023

EXHibit (E-2)

NEW
YORK
STATE

Corrections and Community Supervision

ANDREW M. CUOMO
Governor

ANTHONY J. ANNUCCI
Acting Commissioner

To: Robertson, Erick 17A1841, DN-139

From: A. Escobar, SORC

Date: August 19, 2019

Subject: Response to Denied Reasonable Accommodation TTY

This is in response to a letter you sent Superintendent Keyser dated 08/15/2019 regarding denial of the TTY reasonable accommodation. According to the 02/28/2019 Audiology Report written by Mr. J. Serhan, you do not qualify for TTY as a reasonable accommodation. If you have any further questions regarding your reasonable accommodations, please refer them to your assigned ORC.

CC: W. Keyser, Superintendent
A. Justiniano, DSP
E. Simmons, SORC
J. Sircable, ORC

Exhibit (E-3)

NEW YORK STATE
Corrections and
Community Supervision

ANDREW M. CUOMO
Governor

ANTHONY J. ANNUCCI
Acting Commissioner

TO: Superintendent Keyser
FROM: DSP A. Justiniano
SUBJECT: Robertson, Erick 17A1841
DATE: July 11, 2019

Robertson previously utilized the TTY machine to make phone calls. He's currently listed as HL-20 (Hearing Impaired). Upon further review, the audiologist determined Robertson does not have a need for the TTY machine. Moreover, he utilizes the regular phone on the housing unit to contact family, and when making legal calls he declined the TTY machine and utilizes the phone amplifier.

cc: Guidance File
Robertson, Erick 17A1841

001139

# EXHIBIT F

 NEW
YORK
STATE

**Corrections and Community Supervision**

**ANDREW M. CUOMO**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

Disability Rights NY
JAN 08 2020
Received

January 3, 2020

Ms. Helen Charland
Disability Rights New York
725 Broadway, Suite 450
Albany, New York 17A1841

Re: Erick Robertson (17A1841)
TTY Accommodation

Dear Ms. Charland:

This acknowledges your December 11, 2019 correspondence requesting the above-captioned incarcerated individual reasonable accommodation be reinstated.

Please be advised Erick Robertson (17A1841) has been granted an accommodation for TTY services.

Regards,

Cathy Y. Sheehan
Deputy Counsel

CYS:42

cc: Superintendent Sullivan Correctional Facility
Na-Kia Walton, ADA Coordinator
Central Files



STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF REGIONAL OFFICES
BINGHAMTON REGIONAL OFFICE

February 6, 2024

Erick Robertson  17A1841
Sullivan Correctional Facility
PO Box 116
Fallsburg, NY  12733-0116

Re:    Robertson  v. State of New York
       Claim No. 135173

Dear Mr. Robertson:

Enclosed for service upon you please find a copy of the Order with Notice of Entry in the above-captioned claim.  Please note, said Order was filed in the Clerk's office of the Court of Claims on December 11, 2023.

Very truly yours,

MARK SWEENEY
Assistant Attorney General

dew
Enclosure

STATE OF NEW YORK
COURT OF CLAIMS

ERICK ROBERTSON,

Claimant,

-against-

THE STATE OF NEW YORK,

Defendant.

NOTICE OF ENTRY OF ORDER

Claim No. 135173

PLEASE TAKE NOTICE that the annexed Order is hereby served upon you and it is a true and complete copy of a Order which was duly filed and entered in the Clerk's office of the Court of Claims, Albany, New York, on December 11, 2023, regarding the above-captioned claim.

DATED: Binghamton, New York
February 6, 2024

LETITIA JAMES
Attorney General

By:
MARK SWEENEY
Assistant Attorney General
State of New York
Office of the Attorney General
State Office Building, 17th Floor
44 Hawley Street
Binghamton, New York 13901-4433
Telephone: (607) 251-2770

To: Erick Robertson 17A1841
Sullivan Correctional Facility
PO Box 116
Fallsburg, NY 12733-0116

FILED
DEC 11 2023
STATE COURT OF CLAIMS
ALBANY, N.Y.

**STATE OF NEW YORK COURT OF CLAIMS**

**ERICK ROBERTSON,**

**Claimant,**

**ORDER DIRECTING JUDGMENT**

**Claim No. 135173**

**-v-**

**THE STATE OF NEW YORK,**

**Defendant.**

**BEFORE:** **HON. JAVIER E. VARGAS**
**Judge of the Court of Claims**

**APPEARANCES:** **For Claimant:**
**Erick Robertson, pro se**

**For Defendant:**
**Hon. Letitia James, Attorney General of the State of New York**
**By: Kevin Cheung, Esq., Assistant Attorney General**

By Verified Claim filed on August 6, 2020, Claimant Erick Robertson (hereinafter "claimant"), an incarcerated person in Sullivan Correctional Facility ("Sullivan"), commenced the instant action against Defendant State of New York (hereinafter "State"), seeking damages for the Department of Corrections and Community Supervision's (hereinafter "DOCCS") alleged deprivation of his use of a teletypewriter phone ("TTY") for two months in violation of the Americans with Disabilities Act ("ADA"). The State filed its Verified Answer on September 9, 2020, denying the allegations and asserting affirmative defenses.

The Claim was tried on consent jointly with Claim No. 134886, as they involved similar allegations, before the undersigned on September 25, 2023, via the Microsoft Teams application with the claimant appearing virtually from Sullivan, the Assistant Attorney General from Binghamton and the undersigned sitting in Manhattan. The claimant provided testimonial and documentary evidence, and was cross-examined by the State. After the claimant rested his case, the State made an oral motion to dismiss for failure to establish a prima facie case and the claimant opposed it.

The undersigned rendered a decision on the record in open court granting the State's trial motion to dismiss the Claim, finding that Claimant had failed to credibly establish by a fair preponderance of the evidence that the State was negligent or violated the ADA in any way.

Therefore, in accordance with the decision placed on the record in open court, it is ordered that judgment be entered dismissing Claim No. 135173.

New York, New York
September 28, 2023

Hon. JAVIER E. VARGAS
Judge of the Court of Claims

STATE OF NEW YORK
COURT OF CLAIMS

ERICK ROBERTSON,

Claimant,

-against-

THE STATE OF NEW YORK,

Defendant.

NOTICE OF ENTRY OF ORDER

Claim No. 134886

PLEASE TAKE NOTICE that the annexed Order is hereby served upon you and it is a true and complete copy of a Order which was duly filed and entered in the Clerk's office of the Court of Claims, Albany, New York, on December 11, 2023, regarding the above-captioned claim.

DATED: Binghamton, New York
February 6, 2024

LETITIA JAMES
Attorney General

By:
MARK SWEENEY
Assistant Attorney General
State of New York
Office of the Attorney General
State Office Building, 17th Floor
44 Hawley Street
Binghamton, New York 13901-4433
Telephone: (607) 251-2770

To: Erick Robertson 17A1841
Sullivan Correctional Facility
PO Box 116
Fallsburg, NY 12733-0116



STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF REGIONAL OFFICES
BINGHAMTON REGIONAL OFFICE

February 6, 2024

Erick Robertson  17A1841
Sullivan Correctional Facility
PO Box 116
Fallsburg, NY  12733-0116

Re:    Robertson  v. State of New York
       Claim No. 134886

Dear Mr. Robertson:

Enclosed for service upon you please find a copy of the Order with Notice of Entry in the above-captioned claim.  Please note, said Order was filed in the Clerk's office of the Court of Claims on December 11, 2023.

Very truly yours,

MARK SWEENEY
Assistant Attorney General

dew
Enclosure

FILED

DEC 11 2023

STATE COURT OF CLAIMS
ALBANY, N.Y.

**STATE OF NEW YORK** **COURT OF CLAIMS**

**ERICK ROBERTSON,[1]**

**Claimant,**

**ORDER DIRECTING JUDGMENT**

**Claim No. 134886**

**-v-**

**THE STATE OF NEW YORK,**

**Defendant.**

**BEFORE:** **HON. JAVIER E. VARGAS**
**Judge of the Court of Claims**

**APPEARANCES:** **For Claimant:**
**Erick Robertson, pro se**

**For Defendant:**
**Hon. Letitia A. James, Attorney General of the State of New York**
**By: Kevin Cheung, Esq., Assistant Attorney General**

By Verified Claim filed on June 5, 2020, Claimant Erick Robertson (hereinafter "claimant"), an incarcerated person, commenced the instant proceedings against Defendant State of New York (hereinafter "State"), seeking damages for the Department of Corrections and Community Supervision's (hereinafter "DOCCS") alleged negligence and medical malpractice in failing to provide him with a teletypewriter phone ("TTY") for the hearing impaired from March 1, 2019 to January 7, 2020, despite his bilateral hearing loss, also in violation of the Americans with Disabilities Act ("ADA"). The State filed its Verified Answer on January 12, 2021, denying

[1] It should be noted that on this Claim's caption, the claimant spells his name without a "c," but he has always used "Erick" in all his other numerous motions and claims before the Court of Claims. This Court is hereby amending the caption to reflect the correct spelling used by DOCCS.

the allegations and asserting several affirmative defenses, particularizing failure to state a cause of action and contributory negligence.

Thereafter, on October 15, 2020, the claimant filed a motion against the State seeking summary judgment in his favor with respect to his Claim for negligence, medical malpractice and ADA violations. By Decision and Order dated December 24, 2020 (Soto, J.), the Court denied the claimant's motion on the grounds that he failed to prove his Claim with evidence in admissible form, instead relying on conclusory assertions that DOCCS committed medical malpractice, negligence and his rights were violated (*see Robertson v State of New York*, Ct Cl, January 6, 2021, Soto, J., Claim No. 134886, M-95917).

On June 30, 2022, following the retirement of the Hon. Faviola A. Soto, the Undersigned took over all matters currently pending at Sullivan Correctional Facility. This Court started working on this and other pending matters by the claimant. In a letter dated July 11, 2023, the Court notified the claimant that the instant docket was scheduled for trial on September 25, 2023, at Sullivan using video conferencing technology.

A virtual trial was held in this matter jointly with Claim No. 135173 before the undersigned on September 25, 2023. At the conclusion of trial after both parties rested, the State made an oral motion to dismiss the Claim. After hearing from both sides and deliberating, the Court granted the State's motion and dismissed the Claim on the record in open court based on the failure of the claimant to prove that the State engaged in any negligence, medical malpractice or ADA violation. The Court reasoned that when a Claim, as here, is "substantially related to medical diagnosis and treatment," it sounds in malpractice and the claimant must demonstrate that the State deviated from the accepted standard of care and that this departure was a proximate

cause of his injuries (*Sachs v State of New York*, 143 AD3d 1291 [4th Dept 2016]; *Carter v Tana*, 68 AD3d 1577, 1579 [3d Dept 2009]). In order to sustain this burden, the claimant must have presented expert testimony and medical evidence that the State's conduct constituted a deviation from the requisite standard of care (*see id.*), but he failed to do so. Nor did he sufficiently establish negligence or a violation of the ADA by the State.

Now, therefore, in accordance with the decision placed on the record, it is

ORDERED that judgment be entered dismissing the Claim.

**New York, New York**
**September 29, 2023**

**Hon. JAVIER E. VARGAS**
**Judge of the Court of Claims**

Erick Robertson, 17-A-1841
Sullivan Correctional Facility
P.O. Box 116
Fallsburg, N.Y. 12733-0115

SULLIVAN CORRECTIONAL FACILITY

quadient
FIRST-CLASS MAIL
02/28/2024
US POSTAGE $002.83⁰
ZIP 12733
041M11471657

RECEIVED
MAR - 4 2024
PRO SE OFFICE

USMP3
SDNY

United States District Court
Southern District of New York
500 Pearl Street
New York, N.Y. 10007-1312

RECEIVED
MAR 1 2024
CLERK'S OFFICE
S.D.N.Y.

Pro se

LEGAL MAIL
Privileged & Confidential