UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ERICK ROBERTSON,

                        Plaintiff,

             -against-

SULLIVAN CORRECTIONAL FACILITY:
WILLIAM KEYSER, SUPERINTENDENT;
A. JUSTINIANO, DSP;
E. SIMMONS, SORC;
J. SIRCABLE, ORC;
A. ESCOBAR, SORC,

                       Defendants.

24-CV-1365 (KMK)

ORDER OF SERVICE

---

KENNETH M. KARAS, United States District Judge:

Plaintiff, who currently is incarcerated at Sullivan Correctional Facility, brings this action, *pro se*, under 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act, and Section 504 of the Rehabilitation Act, alleging that Defendants violated his rights. By order dated March 21, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

§§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

## DISCUSSION

A. **Sullivan Correctional Facility**

Plaintiff's claims against Sullivan Correctional Facility must be dismissed. Section 1983 provides that an action may be maintained against a "person" who has deprived another of rights under the "Constitution and Laws." 42 U.S.C. § 1983. Sullivan Correctional Facility is not a

2

"person" within the meaning of Section 1983. *Cox v. Sing Sing Corr. Facility*, No. 19-CV-9249, 2020 WL 763574, at *2 (S.D.N.Y. Feb. 14, 2020) ("A prison facility is not a person subject to suit under § 1983." (quoting *Brims v. Tracy*, No. 93-CV-3233, 1996 WL 153696, at *3 (S.D.N.Y. Apr. 3, 1996)); *see also Kirby v. Hanks*, No. 21-CV-886, 2023 WL 2857044, at *1 (N.D.N.Y. Apr. 10, 2023) ("[A] prison facility . . . is not a 'person' under § 1983." (quoting *Griffin v. Rikers Island House of Det. for Men*, No. 91-CV-1694, 1993 WL 17203, 1 (S.D.N.Y. Jan. 19, 1993)). Therefore, Plaintiff's claims against Sullivan Correctional Facility are dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.  Service on Remaining Defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants Superintendent William Keyser, DSP A. Justiniano, SORC E. Simmons, ORC J. Sircable, and SORC A. Escobar through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within ninety days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until ninety days after the date summonses are issued.

3

If the Complaint is not served within ninety days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is respectfully requested to issue summonses for Superintendent William Keyser, DSP A. Justiniano, SORC E. Simmons, ORC J. Sircable, and SORC A. Escobar, complete the USM-285 form with the addresses for Defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is further requested to mail an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   March 29, 2024
         White Plains, New York

KENNETH M. KARAS
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Superintendent William Keyser
   Sullivan Correctional Facility
   325 Riverside Drive
   P.O. Box 116
   Fallsburg, New York 12733-0116

2. A. Justiniano
   Deputy Superintendent of Programs
   Sullivan Correctional Facility
   325 Riverside Drive
   P.O. Box 116
   Fallsburg, New York 12733-0116

3. E. Simmons
   Supervising Offender Rehabilitation Coordinator
   Sullivan Correctional Facility
   325 Riverside Drive
   P.O. Box 116
   Fallsburg, New York 12733-0116

4. J. Sircable
   Offender Rehabilitation Coordinator
   Sullivan Correctional Facility
   325 Riverside Drive
   P.O. Box 116
   Fallsburg, New York 12733-0116

5. A. Escobar
   Supervising Offender Rehabilitation Coordinator
   Sullivan Correctional Facility
   325 Riverside Drive
   P.O. Box 116
   Fallsburg, New York 12733-0116