UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERICK ROBERTSON,

                    Plaintiffs,

          -v-

SULLIVAN CORRECTIONAL FACILITY,

*et al.,*

                    Defendant.

24-CV-1365 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

Plaintiff Erick Robertson ("Plaintiff") brings this pro se action alleging that Superintendent William Keysner and other supervising officers at Sullivan Correctional Facility (collectively, "Defendants") violated his constitutional rights by denying adequate medical care for hearing loss.  (*See* Compl. at 4-6 (Dkt. No. 1).)  Plaintiff seeks relief in the form of monetary damages.  (*Id.* at 7.)  By order dated March 21, 2024, the Court granted Plaintiff's request to proceed in *forma pauperis*, without prepayment of fees.  (Order Granting IFP (Dkt. No. 5).)

In a letter docketed June 25, 2024, Plaintiff requested that the Court appoint counsel. (*See* Pl.'s Application for Appointment of Counsel ("Application") (Dkt. No. 11).)  Plaintiff argues that the complexity of asserting an Americans with Disabilities Act ("ADA") claim merits the assistance of counsel.  (*Id.* at 1.)  For the following reasons, Plaintiff's request is denied without prejudice.

Although there is not a constitutional right to counsel in civil cases, the Court has the authority to appoint counsel for indigent parties.  *See* 28 U.S.C. § 1915(e)(1).  Yet, "[b]road discretion lies with the district judge in deciding whether to appoint counsel pursuant to this provision."  *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986).  When analyzing whether

appointment of counsel is appropriate, the Court should undertake a two-step inquiry. *See Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003). First, the Court "'should . . . determine whether the indigent's position seems likely to be of substance.'" *Id.* (quoting *Hodge*, 802 F.2d at 61); *see also Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) ("This Court considers motions for appointment of counsel by asking first whether the claimant has met a threshold showing of some likelihood of merit." (internal quotation marks omitted)). In other words, the claim must not be so "highly dubious" that the defendant appears to have no chance of success. *Hodge*, 802 F.2d at 60 (internal quotation marks omitted). In making this determination, the Court construes pleadings drafted by pro se litigants liberally, and interprets them to raise the strongest arguments that they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *Sommersett v. City of New York,* 679 F. Supp. 2d 468, 472 (S.D.N.Y. 2010).

If the threshold requirement is met, the Court should proceed to consider other prudential factors such as Plaintiff's

> ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented [to the fact finder], the indigent's ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a just determination.

*Ferrelli*, 323 F.3d at 203–04 (quoting *Hodge*, 802 F.2d at 61–62); *see also Garcia v. USICE (Dep't of Homeland Sec.)*, 669 F.3d 91, 98–99 (2d Cir. 2011) (listing *Hodge* factors).

"Additionally, the Second Circuit has interpreted [28 U.S.C. § 1915(e)(1)] to require that the plaintiff be unable to obtain counsel 'before appointment will even be considered.'" *Morris v. Moran*, No. 12-CV-7020, 2014 WL 1053658, at *1 (S.D.N.Y. Mar. 14, 2014) (quoting *Hodge*, 802 F.2d at 61); *see also Justice v. Kuhnapfel*, 982 F. Supp. 2d 233, 235 (E.D.N.Y. 2013) ("A

2

plaintiff requesting appointment of counsel must show that she is unable to obtain counsel before appointment will even be considered." (internal quotation marks omitted); *Williams v. Nicholson*, No. 12-CV-8300, 2013 WL 1800215, at *2 (S.D.N.Y. Apr. 22, 2013) ("Where, in a civil action, an applicant fails to make any effort to engage counsel, appointing counsel for the applicant is not appropriate and should not even be considered . . . .").

Here, Plaintiff fails to demonstrate why he would be unable to represent himself. Plaintiff's primary allegations against Defendants relate to his requested reasonable accommodation and the discontinuance of that accommodation.  (*See* Compl. 4–5.)  These claims "are not so complex or unique that a person of [Plaintiff's] intelligence would be unable to handle them."  *Mena v. City of New York*, No. 12-CV-28, 2013 WL 1165554, at *2 (S.D.N.Y. Mar. 19, 2013); *see also Singleton v. Rochester City Sch. Dist.*, No. 15-CV-6746, 2019 WL 13293967, at *2 (W.D.N.Y. Jan. 17, 2019) (denying a request for appointment of counsel, in an ADA case where plaintiff claimed she discussed her need for accommodations with her employer but they refused to provide them, because court determined that the case was not unduly complex).  Plaintiff "likely has a good command of the relevant facts because the underlying fact[s]" relate to a reasonable accommodation request he made, the discontinuance of the request, grievances he filed as a result, and the reinstatement of his request.  *LS Home Servs., Inc. v. Blackman Plumbing Supply Co.*, No. 10-CV-1984, 2012 WL 13098292, at *2 (E.D.N.Y. Nov. 2, 2012).  "Volunteer lawyer time is a precious commodity," and "courts should not grant . . . applications [for appointment of pro bono counsel] indiscriminately."  *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989).  In light of these considerations, the Court is not convinced that appointing counsel for Plaintiff at this stage would be a wise use of these limited resources.  *See Jackson v. Francis*, 646 F. Supp. 171, 172 (E.D.N.Y. 1986) (declining to appoint

counsel where the pro se litigant was able to "adequately to present his case at trial even without the assistance of counsel," in part due to "the straightforward and relatively simple nature of the legal and factual issues [to] be presented at trial").

For the reasons stated above, Plaintiff's request for assignment of counsel is denied without prejudice. Plaintiff may renew his request and provide the Court with additional information regarding his circumstances, if they materially change

The Clerk is respectfully directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated:  July 19, 2024
        White Plains, New York

_____
        KENNETH M. KARAS
        United States District Judge

4